# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $21,055.00 IN UNITED STATES ) <br> CURRENCY, More or less, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 08-1273-WEB-DWB |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel, filed on March 2, 2009. (Doc. 12.) Defendant did not file a response, and the time for any response has expired. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiff filed its Complaint For Forfeiture In Rem on September 11, 2008, seeking an Order forfeiting and condemning Defendant currency to the United States of America. (Doc. 1.) Claimant Timothy A. Vennemann filed a claim and amended claim in the case on November 11 &12, 2009 (Doc. No's 5, 7), and filed his Answer to the Complaint on December 2, 2008, asserting that he is the

"innocent owner" of the currency at issue and demanding a jury trial. (Doc. 10.)

Plaintiff served the discovery requests at issue on Claimant Vennemann on November 17, 2008, pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 9.) The discovery sought information concerning Claimant's asserted relationship to the Defendant currency. (Doc. 12, at 1.) Responses to the discovery were due on or about December 17, 2008. As of the filing of Plaintiff's motion to compel, Claimant has not provided the required responses. (*Id.*)

## DISCUSSION

Plaintiff brings the present motion pursuant to Rule G(6), Fed. R. Civ. P. 37(a)(3)(B), and District Court of Kansas Local Rule 37.1 for an Order compelling Claimant to fully respond to the discovery requests at issue. (Doc. 12, at 2.) As stated above, Claimant has not responded to Plaintiff's motion to compel. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4.

Pursuant to D. Kan. Local Rule 37.1(b), however, a motion to compel discovery "shall be filed and served within 30 days of the default . . . unless the time for filing of such a motion is extended for good cause shown." Plaintiff's

motion to compel should have been filed and served on or before January 16, 2009. Instead, the motion was not filed until March 2, 2009, some six weeks later. (*See* Doc. 12.) The issue before the Court is whether Plaintiff's counsel has established good cause for waiting to file the present motion.

Plaintiff's counsel spoke with counsel for Claimant on at least two occasions after the discovery was due to inquire as to the status of responses. (Doc. 12-2, at ¶¶ 2-3.) Claimant's counsel apparently promised during both conversations to provide the requested discovery and Plaintiff's counsel, therefore, agreed to allow additional time for the responses.[1] (*Id.*) At least one of these conversations occurred prior to the Local Rule 37.1(b) deadline for Plaintiff to file a motion to compel. (*Id.*) Plaintiff could, therefore, have filed a motion for an extension of time to file any motion to compel which would have been the better practice. However, under the specific circumstances of this case, the Court believes that Plaintiff has established good cause for extending the deadline for Plaintiff to file it's motion to compel. As such, the Court finds Plaintiffs' motion to be both unopposed and facially valid. The Court, therefore, GRANTS Plaintiffs' Motion to Compel (Doc. 12).

---

[1] Because Claimant did not respond to Plaintiff's motion, these factual contentions are uncontroverted and, for the purposes of this motion, accepted as true.

**IT IS THEREFORE ORDERED**, that Plaintiff's Motion to Compel Responsive Answers From Putative Claimant (Doc. 12) is **GRANTED**. Claimant Timothy A. Vennemann shall, no later than **April 20, 2009**, answer **fully and without objection**, Plaintiff's Special Interrogatories, which were served on him or about November 17, 2008.  <u>Failure to comply with this order may result in the imposition of sanctions against Claimant including, but not limited to, an order dismissing Claimant's claim and amended claim in this forfeiture proceeding.</u>

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 6th day of April, 2009.

   s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge