# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-1273-WEB-DWB |
| | ) | |
| $21,055.00 IN UNITED STATES CURRENCY, More or less, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Claimant's Motion to Transfer Case to Kansas City for Trial (Doc. 39), seeking an intra-district transfer of the place of trial from Wichita. Plaintiff filed a response (Doc. 40) and Claimant has replied (Doc. 41). Having reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

This is a forfeiture action brought for violations of 21 U.S.C. § 841, the Controlled Substances Act. The Johnson County, Kansas, Sheriff's Department seized the subject property on or about April 25, 2008, during a commercial inspection on U.S. Interstate 35. (Doc. 1, at 1.) Plaintiff contends the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as being or intended to be

furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or intended to be used to facilitate a violation of the Act.  (Doc. 1, at 2.)

## DISCUSSION

In his Motion to Transfer Case to Kansas City for Trial,[1] Claimant argues that "Wichita is a substantially inconvenient forum for the trial of this case compared to Kansas City because of the substantial travel time and expense for the witnesses, the Claimant, and Claimant's counsel to appear in Wichita."  (Doc. 39, at 1.)  Conversely, Claimant argues that "[t]he inconvenience to Plaintiff's counsel to attend trial in Kansas City is *de minimis* by comparison."  (*Id.*)

Plaintiff responds that the U.S. Attorney's Office "has for over 20 years filed all District of Kansas civil *in rem* forfeiture complaints in Wichita," thus "[a]ll of the District's forfeiture resources reside in the Wichita office."  (Doc. 40, at 1.)

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and decide matters that are nondispositive in nature subject to review by the district court under a clearly erroneous standard.  The Court believes this motion to be nondispositive, thus it may rule subject only to deferential review.  *See e.g.,* ***Third Millennium Technologies, Inc. v. Bentley Systems, Inc.***, No. 03-1145, 2003 WL 22003097, at *1–2 (D. Kan. Aug. 21, 2003) (Bostwick, Magistrate J.) (holding that a motion to stay proceedings pending arbitration was not dispositive in nature because the federal court retained authority to review the arbitration award and the parties were, accordingly, not banished from federal court); *see also* ***Bitler v. A.O. Smith Corp***, No. 98-1897, 2001 WL 1579378 (D. Colo. Dec. 10, 2001) (Magistrate Judge Boland issuing an "Order" denying a motion for intra-district transfer without discussion of magistrate authority to do so); *cf.* ***Blinzler v. Marriott Intern., Inc.,*** 857 F.Supp. 1, 2 (D.R.I.1994) (holding that a motion to transfer venue is a nondispositive matter) (citations omitted).

Plaintiff continues by pointing out the anticipated short (one day) duration of the trial, that "[m]ost, if not all," of the witnesses will be government witnesses who "do not complain of inconvenience," that Claimant chose to employ a Kansas City attorney knowing the case was filed in Wichita, and that Wichita is accessible by air or by automobile.[2] (*See generally*, *id*.)

Claimant replies that it is easier for the "forfeiture resources" located in the District's Wichita office to be "moved about" than "all of the witnesses, the Claimant, and Claimant's counsel to move all of their forfeiture resources to Wichita." (Doc. 41, at 2-3.) Claimant continues that even though most witnesses to be called are government employees, this "cuts in favor of granting the motion to transfer" because "[t]he government should be looking for ways to reduce the expense of producing its witnesses at trial." (*Id*., at 3.) Claimant also argues that the increased time and cost to travel to Wichita make Kansas city "a more convenient venue." (*Id*., at 4.)

D. Kan. Rule 40.2 requires the parties to file a request stating the name of the city where they desire the trial to be held, but also provides that "[t]he court

---

[2] Plaintiff also argues that the deadline from the Court's Scheduling Order for Claimant to bring a motion to change venue has expired. (Doc. 40, at 1.) The Court agrees with Claimant's position that the deadline in the Scheduling Order related to motions involving improper venue as an affirmative defense, which this is not. (Doc. 41, at 1-2.) As such, the Court need not address this argument further.

shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering an intra-district transfer, courts in this district generally look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).

Under section 1404(a), a court should consider (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515–16 (10th Cir. 1991); ***Lavin v. The Lithibar Co.***, No. 01-2174, 2001 WL 1175096, at *1 (D. Kan., Sept. 19, 2001). There is a strong presumption in favor of a plaintiff's choice of forum. ***Lavin***, 2001 WL 1175096, at *1–2. A defendant has the burden of proving that a plaintiff's choice of forum is inconvenient, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id*. at *1. Cases are generally not transferred between cities except for the most compelling reasons. ***Bauer v. City of De Soto, Kan.***, Case No. 04-4027, 2004 WL 2580790, *1 (D. Kan. Nov. 3, 2004) (citations omitted).

In the present case, Claimant's basic justification for overruling Plaintiff's choice of forum is that Topeka is more convenient for everyone involved other

than Plaintiff's counsel. Unfortunately, Claimant has provided no actual evidence that anyone involved in this matter other than Claimant and/or his counsel find Wichita to be inconvenient. The Court cannot find that Wichita is so substantially inconvenient as compared to Kansas City for Claimant – who will be traveling from Wisconsin – as to override the strong presumption in favor of Plaintiff's choice of forum. In addition, the Court gives little weight the convenience of Claimant's Kansas City counsel who was retained by Claimant after the matter was filed in Wichita.

Finally, Claimant's reliance on *Spires v. Hospital Corp. of America* is somewhat misguided. No. 06-2137-JWL, 2006 WL 1642701 (D. Kan. June 8, 2006). In *Spires*, the District Court inferred the plaintiff's connection to the requested forum was "obscure." *Id.*, at *3 (citing *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278-1280-81 (D.Wyo. 1986)). The Court sees no such obscurity in the present choice of forum. To the contrary, as mentioned above, Plaintiff points out that the U.S. Attorney's Office "has for over 20 years filed all District of Kansas civil in rem forfeiture complaints in Wichita," thus "[a]ll of the District's forfeiture resources reside in the Wichita office." (Doc. 40, at 1.)

All things considered, Claimant has failed to offer any compelling reasons for the requested transfer. *Id.* at *1. Accordingly, the Court is unable to find that

5

Kansas City is a sufficiently more convenient venue for trial to justify a transfer.

**IT IS THEREFORE ORDERED** that Claimant's Motion to Transfer Case to Kansas City for Trial (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 24th day of May, 2010.

      s/ DONALD W. BOSTWICK
      DONALD W. BOSTWICK
      United States Magistrate Judge