IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.08-1273-WEB |
| | ) | |
| $21,055.00 IN UNITED STATES CURRENCY, More or less, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action for the forfeiture of defendant $21,055.00 in U.S. Currency. In November 2008, Timothy Vennemann filed his Claim (Doc. 5) and Amended Claim (Doc. 7) as to the defendant. On July 16, 2010, the United States filed a Motion for Summary Judgment (Doc. 48). Claimant has filed his response to the motion (Doc. 52). The United States filed a reply (Doc. 53). Although no leave to file a sur-reply was sought, Claimant has filed a Surreply (Doc. 54). The matter is now ripe and the Court is prepared to rule.

The Plaintiff United States contends that defendant $21,055.00 is forfeitable to the United States because the currency constitutes moneys furnished or intended to be furnished in exchange for controlled substances and/or constitutes proceeds traceable to such exchange, and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act. Plaintiff asserts that it is entitled to recover upon the theory that defendant currency is forfeitable pursuant to 21 U.S.C. § 881 (a)(6).

Mr. Vennemann contends that the defendant currency was obtained lawfully by the claimant; that the defendant currency does not constitute moneys furnished or intended to be furnished in exchange for controlled substances and/or constitutes proceeds traceable to such exchange, and/or moneys used or intended to be used to facilitate a violation of the controlled substances act; and that the claimant is an innocent owner of the defendant currency.

I. Jurisdiction

As previously stated by this Court in the Pretrial Order, subject matter jurisdiction is invoked under 28 U.S.C. § 1345 and 1355, and is not disputed.

II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 670 (10th Cir. 1998), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.*

The Court views the evidence and all reasonable inferences in favor of the non-moving party. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1108 (10th Cir. 2001). "The movant bears the initial burden of making a prima facie demonstration of

the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler,* 144 F.3d at 670-671. The movant can meet this burden by demonstrating a lack of evidence on an essential element of the nonmovant's claim. *Id.* at 671. When the

> movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.

*Id.*, *citing* Fed. R. Civ. P. 56.

"To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F. 3d at 671 (internal citations and quotations omitted). The nonmoving party cannot defeat a properly supported motion for summary judgment by relying on conclusory allegations; rather, the opposing party must come forward with significant admissible probative evidence supporting that party's allegations. *Anderson*, 477 U.S. at 256.

III. Facts

The Court finds the following facts to be substantively uncontroverted. To the extent that requested findings of fact are not included here, it is because the Court finds that the requested findings are unsupported in the evidence, irrelevant, or duplicative of other requested facts. The presentation of repetitive, irrelevant, and cumulative evidence does not create any triable issue of material fact.

On April 25, 2008, claimant was lawfully contacted by Deputy Chris Farkes of the Johnson County Sheriff's Office at the commercial vehicle inspection station located on I-35 at milepost 213 in Johnson County, Kansas. Claimant was a commercial truck driver, and Deputy Farkes was conducting a commercial vehicle inspection on claimant's truck and paperwork.

During a safety check of the claimant's commercial vehicle, Deputy Farkes located approximately $18,360.00 of defendant $21,055.00 in U.S. Currency, more or less, in the truck's sleeper area, and the remainder (approximately $2,695.00) on claimant's person.

Ace, a Johnson County Sheriff drug K-9, handled by Deputy Dusty Bernhardt, a drug dog handler, alerted to the odor of controlled substances on defendant $21,055.00.

Claimant's federally-reported adjusted gross income for the tax years of 2005 and 2006 were $26,084.00 and $21,149.00, respectfully. Claimant did not file federal tax returns in the years of 2007 and 2008.

IV. Analysis

A claimant's implausible explanation is not sufficient to defeat summary judgment. *United States v. $86,020.00 in U.S. Currency*, 1 F.Supp.2d 1034, 1040-41 (D.Ariz.1997). Nor is a conclusory, self-serving affidavit by a claimant sufficient to create a genuine issue of material fact regarding the source of money without

corroborating documentation. *United States v. $223,178.00 in U.S. Currency*, 2008 WL 4735884 at *6 (C.D. Cal. 2008); *United States v. $50,720.00 in U.S. Currency*, 589 F.Supp.2d 582, 584 (E.D.N.C. 2008); *United States v. $23,500.00 in U.S. Currency*, 2008 WL 4936741 at *5 (N.D. Ill. 2008). A claimant's own affidavit, without more, does not establish a genuine issue of material fact. *United States v. $10,000.00 in U.S. Currency*, 348 F.Supp.2d 612, 617 (M.D.N.C. 2004).

Here, each "fact" that the claimant seeks to controvert is supported only by his own affidavit or his prior deposition testimony. The Court notes that an affidavit *could* be sufficient, but in this case the affidavit is conclusory in nature and cites no other corroborating evidence. This is insufficient to controvert a fact. Furthermore, the Court finds that the stipulated facts in the Pretrial Order (Doc. 47) provide a sufficient recitation of the material facts in the case at hand.

A. Evidence

In any suit or action brought under any civil forfeiture statute for the forfeiture of property, the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). To meet its burden, the government may use evidence gathered after the filing of a complaint for forfeiture. 18 U.S.C. 983(c)(2). A court must consider the totality of the evidence as a whole and in the appropriate context. *United States v. $252,300.00 in U.S. Currency,* 484 F.3d 1271, 1274 (10th Cir. 2007), quoting *United States v. $30,670.00 in U.S. Currency*,

403 F.3d 448, 469 (7th Cir.2005). Facts are to be reviewed to determine if they are probative, and then evaluated for the weight each is entitled. *Id.*

"In essence, the analysis concerns whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *United States v. $864,400.00 in U.S. Currency*, 2009 WL 2171249 at *2 (M.D.N.C. 2009). "The mere existence of a scintilla of evidence...will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In accordance with 21 U.S.C. § 881 (a)(6), "The following shall be subject to forfeiture to the United States and no property right shall exist in them:...All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

Admissible hearsay can be used to establish forfeitability of property in any motion for summary judgment. *United States v. $70,150.00 in U.S. Currency*, 2009 WL 3614871 (S.D. Ohio, 2009). Multiple inconsistent statements to investigating officers and in later litigation are to be given significant probative value. *$252,300.00* at 1274.

Circumstantial evidence alone can establish forfeitability. *$30,670.00* at 469; *United States v. $36,634.00 in U.S. Currency*, 103 F.3d 1048, 1054 (1st Cir. 1997). Currency is forfeitable if it was furnished or intended to have been furnished in exchange for a controlled substance. 21 U.S.C. § 881(a)(6). However, the government is not required to show that the currency is the proceeds of a particular drug transaction. *United States v. $4,790.00 in U.S. Currency,* 2006 WL 359955 at *5 (C.D. Ill. 2006); *United States v. $147,900.00 in U.S. Currency*, 2009 WL 903356 at *8 (M.D.N.C. Mar. 31, 2009).

Though some courts have held that criminal proceeds must have a "substantial connection" to the offense, that requirement only applies when the government is seeking the forfeiture of "facilitating" property or property "involved in" the crime, not when seeking forfeiture of property "traceable to" a crime. *United States v. $118,170.00 in U.S. Currency*, 69 F.App'x 714, 717 n. 1 (6th Cir. 2003); *United States v. $21,000.00 in U.S. Currency*, 298 F.Supp.2d 598, 601-02 (E.D. Mich. 2003); *United States v. $47,550.00 in U.S. Currency*, 2007 WL 1032369 at *7 (W.D. Mich. 2007). The government's theory here (*citing $4,790.00* at 5) is that the defendant $21,055.00 in currency is the proceeds of drug trafficking. Therefore, the government need only trace the currency to drug trafficking generally, not to a specific transaction.

"The usual evidence in a currency seizure case is a dog sniff, a quantity of currency, an unusual manner of packaging and the claimant's implausible story, which is together sufficient to meet the government's preponderance standard." *United States v.*

7

*$42,500.00 in U.S. Currency,* 283 F.3d 977, 984 n.1 (9 Cir. 2002)(dictum); *$252,300.00* at 1274-75 (large quantity of currency, packaging with rubber bands in plastic bags, inconsistent statements and lack of documentary support sufficient to find for the government); *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005) (large quantity of currency, the manner of packaging, false statements and a positive dog sniff sufficient); *$23,500.00* at *3-4 (dog sniff, manner of packaging, lack of legitimate income or a credible explanation sufficient); *United States v. $34,600.00*, 2007 WL 3244081 at *15-17 (D.Neb. Nov. 1, 2007)(large quantity of currency, concocted story, manner of packaging, false statements, minimal legitimate income and dog sniff sufficient).

1. Packaging

A trained and experienced law enforcement agent's belief that the manner in which certain currency was packaged and transported was indicative of drug proceeds is probative and is entitled to weight. *United States v. $242,484.00 in U.S. Currency*, 389 F.3d 1149, 1161-62 (11th Cir. 2004)(en banc). Transporting rubber-banded cash wrapped in cellophane shall be given significant probative value by a court. *$252,300.00* at 1275 (common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed into packages; wrapping cash in cellophane-type material is a technique known to be used by drug dealers to prevent discovery by drug-sniffing dogs).

In this case, the defendant currency was found in the sleeper area of the claimant's

commercial truck. Included with the Motion for Summary Judgment are affidavits submitted by the officers who conducted the search of the vehicle. These affidavits establish that the majority of the defendant currency was found in one plastic-wrapped bundle containing two individual rubber-banded bundles. The officers recognized this form of wrapping to be commonly associated with transporting drug proceeds. *See,* Officer Farkes Affidavit, Exhibit 1 to Doc. 49, ¶4. Further, in Officer Branner's affidavit he states that he has observed this type of currency packaging during approximately 50 separate seizure investigations, and that the purpose of such packaging is for concealment and to avoid drug detection by dog sniffs. *See,* Officer Branner Affidavit, Exhibit 2 to Doc. 49, ¶2. The remainder of the defendant currency was confiscated from the claimant's person, secured with a rubber band similar to the rubber bands in the plastic wrapped bundle. *See, id.* at ¶ 9.

The Claimant contends that he was able to reseal the plastic wrapping surrounding the seized currency. *See,* Venneman Affidavit, Exhibit 1 to Doc. 52, ¶11.

The Court finds that based on the preponderance of the evidence, that the officers' training and identification of the packaging of the currency as the form of wrapping commonly associated with transporting drug proceeds should be given significant probative value–regardless of whether the plastic wrap was resealable or not.

### 2. Drug Dog Alert

A properly trained drug dog's alert to currency is entitled to probative weight. Older cases deprecating the value of a dog alert are unpersuasive. *United States v.*

9

*$30,670.00* at 462; *United States v. $20,330.00 in U.S. Currency*, 2006 WL 1185294 (D.Colo.2006); *United States v. $159,880.00 in U.S. Currency*, 387 F.Supp.2d 1000, 1014-15 (S.D. Iowa 2005)(rejecting claimant's reliance on cases from mid-1990s and noting that more recent cases such as $30,670.00 support the probative value of a positive dog sniff).

In the Pretrial Order dated May 26, 2010, the parties stipulated that Ace, a Johnson County Sheriff drug K-9 alerted to the odor of controlled substances on the defendant $21,055. The parties further stipulated that the dog was handled by Deputy Dusty Bernhardt, a drug dog handler. The Court notes that this stipulated fact is a part of the record and determines that the drug dog's alert to the presence of controlled substances on the seized currency is entitled to probative weight.

### 3. Tax Returns and Amount of Currency Seized

A court may rely on a claimant's tax returns in determining whether claimant had sufficient legitimate income to account for possession of a large quantity of currency. *$30,670.00* at 465-66; *United States v. $74,700.00 in U.S. Currency*, 2008 WL 1805432 (M.D. Ala. 2008)(claimant cannot successfully oppose a forfeiture action by pointing to the government's failure to establish that the seized currency did not have a legitimate source; rather, claimant's failure to offer evidence of a legitimate source is itself probative of the forfeitability of the property).

A large amount of currency, while not alone sufficient to establish a connection to a drug transaction, is strong evidence of such a connection. *United States v. $149,442.43*

*in U.S. Currency,* 965 F.2d 868, 877 (10th Cir. 1992).

In the Pretrial order, the parties stipulated to the fact that during a safety check of the claimant's commercial vehicle, Deputy Farkes located approximately $18,360 of defendant $21,055 in the truck's sleeper area. The parties further stipulated that the remainder of the defendant (approximately $2,695) was found on claimant's person. Additionally, claimant's federally-reported adjusted gross income for the tax years of 2005 and 2006 were $26,084 and $21,1149 respectively. Claimant did not file federal tax returns in the years of 2007 and 2008.

In viewing these stipulated facts in light of the applicable case law, the Court cannot conclude that the claimant had sufficient legitimate income to account for the possession of such a large quantity of currency. While the mere presence of such a large amount of currency is not alone sufficient to establish a connection to a drug transaction, this court views it as strong evidence of such a connection. *See United States v. $149,442.43 in U.S. Currency,* 965 F.2d 868, 877 (10th Cir. 1992).

V. Conclusion

Therefore, the Court finds that based on the totality of the evidence, the Government has met its burden by the preponderance of the evidence. The defendant $21,055 is forfeitable to the United States because the currency constitutes moneys furnished or intended to be furnished in exchange for controlled substances, constitutes proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act. Accordingly, the defendant is

forfeitable pursuant to 21 U.S.C. § 881 (a)(6).

Therefore, the Government's Motion for Summary Judgment (Doc. 48) is GRANTED.

IT IS SO ORDERED this 31st day of March 2011, at Wichita, Kansas.

s/ Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge